IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

| | |
|---|---|
| ANIBAL FERNANDEZ FONTANEZ, | CV 11-148-M-DWM-JCL |
| Plaintiff, | |
| vs. | FINDINGS & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| MHA NATION - THE THREE AFFILIATED TRIBES, and UNITED STATES BUREAU OF INDIAN AFFAIRS, | |
| Defendants. | |

_____

**I.   Background**

The Plaintiff, Anibal Fernandez Fontanez, was formerly employed as a law enforcement officer for the Mandan, Hidatsa and Arikara Nation – also known as Three Affiliated Tribes ("Tribes") – on the Fort Berthold Indian Reservation,

-1-

North Dakota. The Tribes perform their own law enforcement services under a contract with the Bureau of Indian Affairs entered pursuant to the Indian Self-Determination and Education Assistance Act, 25 U.S.C. §§ 450-450(n). Fontanez, a non-member of the Tribes, brings this action against both the Tribes and the Bureau of Indian Affairs alleging the termination of his employment as a law enforcement officer was wrongful and constituted a violation of his "civil rights under the Equal Opportunity Act." Dkt. 2, at 6.

The Court construes Fontanez's allegations as a claim of employment discrimination under either 42 U.S.C. § 2000e-2 (unlawful private employment practices) or 42 U.S.C. § 2000e-16(a) (unlawful employment practices by federal agencies).[1]

Presently before the Court is the Defendants' joint Federal Rule of Civil Procedure 12(b)(1) and (3) motion requesting the Court to dismiss this action for lack of subject matter jurisdiction and improper venue. For the reasons discussed below, the Court must dismiss the action for lack of subject matter jurisdiction.

## II. Analysis

### A. Claim against the Tribes

---

[1] Because Fontanez was granted leave to proceed in forma pauperis under 28 U.S.C. § 1915, the Court conducted a preliminary screening of the allegations set forth in the Complaint as required by § 1915(e)(2).

Indian tribes are afforded a common law immunity that is "coextensive with that of the United States and is similarly subject to the plenary control of Congress." *Evans v. McKay*, 869 F.2d 1341, 1345 (9th Cir. 1989)(*citing Kennerly v. United States*, 721 F.2d 1252, 1258 (9th Cir. 1983)). Thus, "[a]n indian tribe is subject to suit only where Congress unequivocally authorizes suit, or where the tribe has clearly and expressly waived its immunity." *C&L Enterprises, Inc. v. Citizen Band Potawatomi Indian Tribe of Oklahoma*, 532 U.S. 411, 418 (2001); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1047 (9th Cir. 2006).

As noted, Fontanez advances a claim for relief under the Equal Employment Opportunity Act (Title VII), 42 U.S.C. § 2000e – implicitly invoking federal question jurisdiction under 28 U.S.C. § 1331. Congress, however, did not abrogate the Tribes' sovereign immunity through its enactment of Title VII. To the contrary, Congress expressly exempted "Indian tribe[s]" from the scope of the definition of "employer" as used in Title VII. 42 U.S.C. § 2000e(b); *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1188 (9th Cir. 1998). Consequently, the Court lacks subject matter jurisdiction for the claim advanced by Fontanez under Title VII.

Fontanez does not suggest that the Tribes themselves have waived their sovereign immunity with respect to employment discrimination suits under Title

VII. And as the party asserting the existence of subject matter jurisdiction, Fontanez has the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *United States v. Alcan Elec. & Engineering, Inc.*, 197 F.3d 1014, 1018 (9th Cir. 1999). He has not sustained that burden.[2]

B. **Claim against the United States**

The Court also lacks subject matter jurisdiction over the claim Fontanez purports to assert against the United States. The Tribes – not the United States – were Fontanez's true employers. *See Snyder v. Navaho Nation*, 382 F.3d 892, 896 (9th Cir. 2004). The fact that the Tribes were providing law enforcement services under an Indian Self Determination Contract does not operate to render the United States liable under the Federal Tort Claims Act, 28 U.S.C. § 1346, for the Tribes' conduct in terminating Fontanez's employment. Congress's extension of the FTCA waiver of sovereign immunity to allow the United States to be sued for the tortious conduct of tribal employees that occurs in the performance of a Self Determination Act Contract, does not extend to an employment dispute unrelated

---

[2] Even if the Court were to assume the Tribes have waived their sovereign immunity with respect to suits under Title VII, this action would, in the sound discretion of the Court, properly be dismissed because venue would lie in the United States District Court for the District of North Dakota, not this Court. *See* 42 U.S.C. § 2000e-5(f)(3); *Johnson v. Payless Drug Stores Northwest, Inc.*, 950 F.2d 586, 587-88 (9th Cir. 1991).

to the FTCA. *Snyder*, 382 F.3d at 897. Therefore,

IT IS HEREBY RECOMMENDED that the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction be GRANTED.

DATED this 16th day of February, 2012

      /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge