

**FILED**

MAR 1 9 2012

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| ANIBAL FERNANDEZ FONTANEZ, | ) | CV 11–148–M–DWM–JCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MHA NATION - THE THREE | ) | |
| AFFILIATED TRIBES, and | ) | |
| UNITED STATES BUREAU, | ) | |
| OF INDIAN AFFAIRS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On November 15, 2011, Anibal Fernandez Fontanez filed a complaint and a motion to proceed in forma pauperis following his termination from his employment with Defendant MHA Nation - The Three Affiliated Tribes. Fontanez alleges that his employment was wrongfully terminated, and he specifically claims that his termination constituted a violation of his "civil rights under the Equal Opportunity Act" (dkt. #2, 6) and that his right as an employee to a grievance

hearing was not protected (dkt. #2, 5). Defendants filed a motion to dismiss the complaint pursuant to Rules 12(b)(1) and (b)(3), Federal Rules of Civil Procedure. (Dkt. #4.) This motion to dismiss for lack of subject matter jurisdiction and improper venue is the matter presently before the Court.

United States Magistrate Judge Lynch entered Findings and Recommendations on February 16, 2012, granting the motion to dismiss for lack of subject matter jurisdiction. Fontanez filed objections (dkt. # 16) and is therefore entitled to *de novo* review of the specific findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). Because the parties are familiar with the facts, they will not be restated here except as necessary to explain the Court's decision.

## I. Claim against the Tribes

The common law immunity afforded to Indian tribes, which is coextensive with the common law immunity of the United States, protects tribes from suits unless Congress has clearly expressed authorization for such a suit or "where the tribe has clearly and expressly waive its immunity." *C&L Enterprises, Inc. V. Citizen Band Potawatomi Indian Tribe of Oklahoma*, 532 U.S. 411, 418 (2001); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1047 (9th Cir. 2006). In his objections, Fontanez expressly states that he understands this common law immunity and that it is "similarly subject to the plenary control of the Congress."

2

(Dkt. #16, 2.)

Fontanez's claim for relief under the Equal Employment Opportunity Act (Title VII), 42 U.S.C. § 2000e, invokes federal question jurisdiction under 28 U.S.C. § 1331. In Title VII, Congress expressly granted exemption to tribes from the scope of the definition of "employer." 42 U.S.C. § 2000e(b); *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1188 (9th Cir. 1998). Additionally, Fontanez does not suggest that the Tribes have renounced their sovereign immunity in this regard. Indeed, as noted in Exhibit 6, nothing in the agreement between the Secretary and the Three Affiliated Tribes is to "be construed as a waiver of the Tribe's sovereign immunity regarding this contract or the activities performed" under the contract. (Dkt. #13, 2.)

Fontanez has not met his burden of establishing subject matter jurisdiction. *United States v. Alcan Elec. & Engg., Inc.*, 197 F.3d 1014, 1018 (9th Cir. 1999). Thus, the Court cannot hear his claims against the Tribes.

## II. Claim against the United States

The Court also lacks subject matter jurisdiction over the claim Fontanez alleges against the United States. The provision of law enforcement services by the Tribes under an Indian Self Determination Contract does not render the United States liable for the Tribes' termination of Fontanez's employment. Although

3

Congress extended the Federal Tort Claims Act's waiver of sovereign immunity to allow the United States to be sued for wrongful conduct of tribal employees that occurs in the performance of a Self Determination Act Contract, that waiver does not apply to an employment dispute like this one. *Snyder v. Navaho Nation*, 382 F.3d 892, 897 (9th Cir. 2004).

Lacking subject matter jurisdiction to consider Fontanez's claims, the Court must dismiss the case. It cannot address Fontanez's request to transfer the case to the Federal District Court in Grand Forks, North Dakota.

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendations (dkt # 15) are adopted in full.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (dkt # 10) is GRANTED.

Dated this 19th day of March 2012.

Donald W. Molloy, District Judge
United States District Court